# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, STATE FARM FIRE & CASUALTY COMPANY,**

**Plaintiffs,**

**-vs-** **Case No. 6:06-cv-1757-Orl-GJK**

**PHYSICIANS INJURY CARE CENTER, INC., M.D. IRVING L. COLVIN, ROBERT COLVIN,**

**Defendants.**

---

## ORDER

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **BERND KOLLENBERG'S EMERGENCY MOTION TO QUASH SUBPOENA AND/OR IN THE ALTERNATIVE, MOTION FOR PROTECTIVE ORDER (Doc. No. 600)** |
| **FILED:** | **January 2, 2008** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

## I. BACKGROUND

On January 2, 2009, non-party Bernd Kollenberg ("Kollenberg") filed the present Motion to Quash Subpoenas Duces Tecum and/or Motion for Protective Order ("Motion") against Plaintiffs State Farm Automobile Insurance Company and State Farm Fire & Casualty Company ("Plaintiffs"). Doc. No. 600. Kollenberg states that on December 12, 2008, he was served with a subpoena to appear for trial commencing on January 12, 2009. *Id.* at 1, ¶ 2. Kollenberg is a former employee of Defendants

Physicians Injury Care Center, Inc. ("PICC"), Irving Colvin, M.D. ("Dr. Colvin") and Robert Colvin ("Robert Colvin"). *Id.* at 2, ¶ 3. Kollenberg currently works as a truck driver in the Pacific Northwestern portion of the United States as well as the Southwestern portion of Canada. *Id.*, ¶ 5. Kollenberg maintains that he will be either out of the country or in the Pacific Northwestern portion of the United States throughout the dates of the trial. *Id.*, ¶ 6. Accordingly, Kollenberg states that Plaintiffs' subpoena must be quashed because it: 1) requires him to travel more than 100 miles from where he is employed or regularly transacts business; and/or 2) subjects him to an undue burden. *Id.*, ¶ 7. Kollenberg also states that his employment is crucial to his ability to provide for his family. *Id.* at 2-3, ¶ 9. Moreover, Kollenberg maintains that requiring his attendance at trial will cause extreme prejudice, expenses and undue harm upon him and his family. *Id.* at 3, ¶ 10.

On January 7, 2009, Plaintiffs filed a response ("Response") in opposition to the Motion. Doc. No. 617. Plaintiffs maintain that Kollenberg is a potentially critical witness to their case. *Id.* at 3. Specifically, he was employed at PICC from May 1998 through March 2007 as the director of clinical operations; he was responsible for interviewing and hiring PICC's clinical personnel; he was responsible for scheduling clinical staff and physicians in their rotation; he was the primary person responsible for handling any employee complaints, grievances or concerns; and he was the Colvins' "right hand man" because other PICC employees "were discouraged from communicating directly with the Colvins [while] Kollenberg essentially had 'unfettered' access to them." *Id.* Plaintiffs state that Kollenberg received more than 30 days notice prior to the trial, and he was given a check for witness and mileage fees. *Id.* Furthermore, Plaintiffs state that he is a resident of Groveland, Florida which is less than 30 miles from

the courthouse. *Id.* Finally, Plaintiffs maintain they are willing to compensate Kollenberg for his lost wages and reasonable travel expenses. *Id.* at 10. Accordingly, they maintain his Motion should be denied.

## II. LAW

Federal Rule of Civil Procedure 26(c) provides that upon motion by a party, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c).

The issuance and service of subpoenas is governed by Federal Rule of Civil Procedure 45. Rule 45(b)(1) states the following:

> Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law. Fees and mileage need not be tendered when the subpoena issues on behalf of the United States or any of its officers or agencies. If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served, a notice must be served on each party.

Fed. R. Civ. P. 45(b)(1) (2008). When a non-party receives a subpoena, the non-party can: 1) seek to quash or modify the subpoena under Fed. R. Civ. P. 45(c)(3)(A); 2) request a protective order under Fed. R. Civ. P. 26(c); or 3) object to the production of documents by opposing a motion to compel under Fed. R. Civ. P. 45(c)(2)(B). On timely motion, the issuing court must quash or modify a subpoena that: 1) fails to allow a reasonable time to comply; 2) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business; requires disclosure of privileged or otherwise protected matter; or subjects the person to undue burden.

Fed. R. Civ. P. 45(c)(3)(A). There is no fixed time limit for service of subpoenas under Fed. R. Civ. P. 45. However, on a timely motion, the issuing court must quash or modify a subpoena that fails to allow a reasonable time to comply. Fed. R. Civ. P. 45(c)(3)(A)(I). The moving party "must meet the heavy burden of establishing that compliance with the subpoena would be unreasonable and oppressive." *Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D. Tex. 1998).

## III. ANALYSIS

Kollenberg resides within 100 miles from where the trial is taking place. He has not established that he will suffer an undue burden by attending the trial for, at the most, two days. Moreover, Plaintiffs provided Kollenberg with more than one month's notice, they tendered a mileage check and witness fee, and they have offered to compensate Kollenberg for any lost wages and/or reasonable compensation. Finally, Kollenberg appears to be an important witness. Accordingly, Kollenberg's Motion is **DENIED**. Plaintiffs are encouraged to coordinate with Kollenberg in an effort to minimize any disruption he may endure.

**DONE** and **ORDERED** in Orlando, Florida on January 9, 2009.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE