**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, STATE FARM
FIRE & CASUALTY COMPANY,

                Plaintiffs,

-vs-                                    Case No. 6:06-cv-1757-Orl-GJK

PHYSICIANS INJURY CARE CENTER, INC.,
M.D. IRVING L. COLVIN, ROBERT
COLVIN,

                Defendants.
_____

## ORDER

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **STATE FARM'S MOTION TO STRIKE DEFENDANTS' UNTIMELY, INCOMPLETE AND INADMISSIBLE RULE 1006 SUMMARY CHART (Doc. No. 985)** |
| **FILED:** | October 23, 2009 |
| | **THEREON** it is **ORDERED** that the motion is **GRANTED**. |

> **MOTION:** STATE FARM'S MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF MOTION TO STRIKE DEFENDANTS' UNTIMELY, INCOMPLETE AND INADMISSIBLE RULE 1006 SUMMARY CHART (Doc. No. 1010)
>
> **FILED:** October 29, 2009
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED as moot**.

On June 16, 2009, the Court entered an Amended Case Management and Scheduling Order (the "CMSO"). Doc. No. 850. Pursuant to the CMSO, the parties were directed to "prepare and exchange a **final** exhibit list" on the approved form **on or before September 21, 2009**. Doc. No. 850 at 1, 3 (emphasis added). On October 14, 2009, at the final pretrial conference, the Court was advised that certain exhibits had yet to be exchanged. The Court directed the parties to exchange their exhibits no later than October 16, 2009, stating the following:

> I'll just tell you they all have to be provided by the end of this week. This shouldn't be taking place this late in the game. The case has been tried once. You know what evidence was introduced by both parties in the first trial. I can understand not wanting to exchange those documents. But to the extent that there are any new documents, demonstrative exhibits, anything that's going to be used at trial, it should have already been exchanged by now. So if it's not exchanged by Friday, close of business, five p.m., it's not going to be allowed at the trial, okay? Am I clear?

Doc. No. 985-3 at 3. When advised by Defendants' counsel that they had one document they were still in the process of assembling, the Court stated:

> There's no excuse for this delay. There's no reason why you shouldn't have put together whatever compilation you intend to use at trial by this point in time. The pretrial orders were clear that the documents were to be exchanged. That hasn't occurred. It's a violation of the Court's

> order. I'll give you until Friday to complete whatever exhibits you intend to introduce at trial, and I think that's an accommodation to you. If you can't do it by Friday, then I guess you should stop your efforts now, because it'll be a wasted effort.

*Id.* Therefore, October 16, 2009 was the final deadline for exchanging exhibits. Doc. No. 934.

On October 23, 2009, Plaintiffs filed a Motion to Strike Defendants' Untimely, Incomplete and Inadmissible Rule 1006 Summary Chart (the "Motion") requesting that the Court "strike the unfinished spreadsheet tendered by Defendants as Exhibit No. 1656 and bar Defendants from offering any purported 'supplement' to that Exhibit at trial." Doc. No. 985 at 16. Plaintiffs state that on October 16, 2009, they received an email with an attached summary chart. *See* Doc. No. 985-4. In the email, Defendants' counsel states:

> <u>In compliance with the Court's Order</u>, attached please find additional exhibits for the Defendants. (Exhibit No. 1656)[.] . . . As you can see, <u>it is only partially complete</u> and does not have any of the Physician Injury Care HCFA 1500 information inserted yet and only part of the independent medical provider information. <u>We will later forward to you the completed one</u>.

Doc. No. 985-4 (emphasis added). On October 28, 2009, the Defendants filed a response ("Response") in opposition to the Motion. Doc. No. 1007. In their Response, Defendants acknowledge that the summary chart was not (and still is not) complete. *Id.* at 2-3. Nonetheless, Defendants request that the Motion be denied. *Id.* at 6.

The Defendants' summary chart exhibit is not in compliance with the Court's Order because it is incomplete and untimely. Accordingly, the Motion (Doc. No. 985) is **GRANTED** and the summary chart is stricken from the trial exhibit list.

**DONE** and **ORDERED** in Orlando, Florida on October 30, 2009.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE